UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KESHAUN EARLEY,       :
                      :
       Plaintiff,     :
                      :   Civ. No. 22-1855 (RBK) (MJS)
    v.                :
                      :
DET. LYNNE DOUGHERTY, et al., :   OPINION
                      :
       Defendants.    :
                      :

**ROBERT B. KUGLER, U.S.D.J.**

**I.      INTRODUCTION**

Plaintiff, Keshaun Earley ("Plaintiff" or "Earley"), is a state prisoner currently incarcerated at New Jersey State Prison ("NJSP"), in Trenton, New Jersey. Plaintiff brings this *pro se* civil rights Complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Previously, the Court granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF No. 4.) At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice. Additionally, Plaintiff's motion for the appointment of pro bono counsel will be denied without prejudice.

**II.     BACKGROUND**

The allegations of the Complaint are construed as true for purposes of this screening opinion. Plaintiff alleges that the two named Defendants, Atlantic County Prosecutor's Office Detective Lynne Dougherty and Atlantic County Assistant Prosecutor Seth Levy, engaged in "malicious prosecution" in connection with his 2013 criminal trial. (ECF No. 1 at 7.) Plaintiff contends that

Defendants destroyed exculpatory evidence, thereby violating his constitutional rights. (ECF No. 1 at 4.) More specifically, Plaintiff alleges that Defendants destroyed video footage from the date of his arrest after the Court ordered the prosecution not to destroy the footage. This pertains to August 26, 2012, footage from the Oak Crest Estates in Mays Landing, New Jersey. Plaintiff alleges that the missing footage established an alibi in his criminal trial. (ECF No. 1.) Plaintiff seeks damages in the amount of $100 million. (*Id.* at 7.)

### III.    STANDARD OF REVIEW

The Court must dismiss certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which a prisoner seeks redress from a governmental defendant).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not'" suffice to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged.'" *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

"In defining the contours and prerequisites of a § 1983 claim… courts are to look first to the common law of torts… Sometimes, that review of common law will lead a court to adopt

wholesale the rules that would apply in a suit involving the most analogous tort." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017); *see Wallace v. Kato*, 384, 388–90 (2007); *Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994).

IV.   DISCUSSION

A.  **Wrongful Institution of Legal Process (Malicious Prosecution)**

The Court construes the Complaint as asserting a claim for malicious prosecution against the Defendants. "To prove malicious prosecution under section 1983, a plaintiff must show that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing a plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

Plaintiff has not alleged that his criminal proceedings ended in his favor. Indeed, he states that he is now involved in post-conviction relief proceedings. (*See* ECF No. 1 at 7.) As a result, he fails to meet one of the requisite elements of properly stating a malicious prosecution claim. *Accord Smith v. Wagner*, 573 F. App'x 94, 96 n.2 (3d Cir. 2014) (citing *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009)) ("[B]ecause Smith did not allege that the criminal proceedings at issue ended in his favor, he failed to state a claim of malicious prosecution[.]"). Consequently, the Court will dismiss this malicious prosecution claim without prejudice for failure to state a claim.

B.  **Detention Without Legal Process (False Imprisonment)**

Next, liberally construed, Plaintiff may also be asserting Defendants falsely imprisoned him in violation of the Fourth Amendment. (ECF No. 1.) In *Wallace v. Kato*, the Supreme Court

4

expounded on the difference between the interrelated torts of false imprisonment and malicious prosecution, explaining that

> false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process-when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process.

549 U.S. at 389–90 (citations omitted). The torts, although related, are analytically different. A false imprisonment claim covers damages during the time of a plaintiff's detention up until the issuance of process or arraignment, whereas from that point forward, any damages sought are based on a malicious prosecution claim. *Id.* (citations omitted).

To state a claim for false imprisonment, a plaintiff must establish: (1) that he was detained; and (2) that the detention was unlawful. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 683 (3d Cir. 2012) (citing *Wallace,* 549 U.S. at 389). Furthermore, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court limited a § 1983 plaintiff's right to recover for certain causes of action if the plaintiff received a conviction on charges directly related to the § 1983 claim. Indeed, *Heck* restricts a plaintiff's ability to recover for damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Id.* at 486.

Plaintiff fails to allege sufficient facts to state a false imprisonment claim. While a false imprisonment claim under certain circumstances can be maintained without showing favorable termination, that can only be done in cases where the false imprisonment claim does not implicate the validity of the conviction. *See Mosby v. O'Brie*, 532 F. App'x 84, 86 (3d Cir. 2013); *Montgomery v. De Simone,* 159 F.3d 120, 126 n. 5 (3d Cir.1998); *see also Gibson v.*

*Superintendent of N.J. Dep't of Law & Pub. Safety,* 411 F.3d 427, 448 (3d Cir.2005). This Court cannot contemplate a scenario in which Plaintiff could be successful on any Fourth Amendment false imprisonment claim without also implicating the validity of his conviction based on the allegations of his Complaint. He fails to state a false imprisonment claim because he does not allege that his criminal proceedings ended in his favor. *See Ortiz v. New Jersey State Police*, 747 F. App'x 73, 77-78 (3d Cir. 2018) (claim of false imprisonment arising from prosecution, arrest and imprisonment that led to a plaintiff's conviction are clear examples of *Heck* barred claims). Accordingly, the Court will dismiss the false imprisonment claim without prejudice for failure to state a claim since Plaintiff has not alleged that his criminal proceedings ended in his favor.

### C. State Law Claims

No federal claims remain against the Defendants. Therefore, the remaining basis for any state law claims would be supplemental jurisdiction. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. 1367(c). In this case, the Court is dismissing every claim over which it had original jurisdiction and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

V.     **MOTION FOR THE APPOINTMENT OF PRO BONO COUNSEL**

Plaintiff has filed a motion requesting the appointment of pro bono counsel. (*See* ECF No. 2). A district court may appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915(d), although such litigants do not have a right to appointed counsel. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether to grant a request for appointment of counsel, courts should begin by determining that the Plaintiff's claim has arguable merit in fact and law. *Id.* at 155. Plaintiff has failed to state a claim upon which relief may be granted in his complaint. Therefore, he has not presented a claim of arguable merit in law at this time. Thus, the Court will deny Plaintiff's motion for appointment of counsel without prejudice.

VI.    **CONCLUSION**

This Court dismisses the federal claims for failure to state a claim and declines supplemental jurisdiction over any state law claims Plaintiff may be asserting. Accordingly, the Complaint is dismissed without prejudice. Further, Plaintiff's motion for the appointment of pro bono counsel is denied without prejudice. Plaintiff shall be given a short period of time to file a proposed Amended Complaint that corrects the deficiencies of the Complaint outlined in this Opinion should he elect to do so. An appropriate order will be entered.


DATED:  July 12, 2022                              s/ Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge