**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KESHAUN EARLEY,<br><br>Plaintiff,<br><br>v.<br><br>DET. LYNNE DOUGHERTY, et al.,<br><br>Defendants. | Civil Action No. 22-1855 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's amended complaint. (ECF No. 7.) Because Plaintiff was previously granted *in forma pauperis* status in this matter, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint is dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff is a convicted state prisoner currently detained in New Jersey State Prison. (ECF No. 7 at 2.) His current confinement arises out of the August 26, 2012, murder of James Jordan in Atlantic City. (*Id.* at 3.) On the date of the murder, Plaintiff was arrested and charged with the murder by Atlantic County police officers. (*Id.*) Following his arrest, Plaintiff told prosecutors that he had an alibi and that this alibi would be revealed through video camera evidence from an

apartment complex. (*Id.* at 4.) Plaintiff does not explain what this alibi was, nor does he allege how the video evidence purportedly would have supported this alibi. Plaintiff alleges that Defendant Dougherty, a detective for the county prosecutor, secured the video evidence, reviewed it, and "extracted only 30 minutes she deemed of evidential value" and allegedly erased the remaining footage. (*Id.* at 4-5.) Plaintiff alleges that Dougherty thereafter conspired with other officials in the prosecutor's office to deprive Petitioner of the footage so that he would not be able to defend the murder charge they levied against him. (*Id.* at 5.) Plaintiff further alleges that Defendant Levy, a prosecutor, "suborned perjury" in questioning Dougherty during grand jury and criminal proceedings as she testified that there was video evidence of Plaintiff committing the murder. (*Id.* at 5-6.) Plaintiff was ultimately convicted of the murder, and has spent the better part of the last decade litigating his appeals and post-conviction relief petitions. (*Id.*) Plaintiff asserts that the destruction of the video evidence and the perjury of Dougherty denied him Due Process and robbed him of a clear defense to the murder. (*Id.* at 8-9.) Plaintiff further contends that he had some property interest in the footage, and that its unlawful destruction amounts to his being deprived of property without Due Process. (*Id.* at 11-12.) Plaintiff does not allege that his conviction ultimately terminated in his favor, and it appears that his PCR proceedings have not secured relief in light of the absence of evidence as to what was on the destroyed video tapes. (*Id.* at 1-12.)

## II. LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

*Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

3

### III. DISCUSSION

In his amended complaint, Plaintiff contends that the Defendants, all of whom are associated with the county prosecutor's office which secured his criminal conviction for murder, conspired against him to deprive him of a fair trial, in violation of §§ 1983, 1985, and 1986. Putting aside the issue of his § 1983 claims, however, Plaintiff fails to state a claim for relief under either § 1985 or 1986. To state a claim for relief under § 1985 or § 1986, a plaintiff must allege that he was deprived of his civil rights because of a conspiracy against him arising out of race or protected class based discriminatory animus. *See, e.g., Kokinda v. Pa. Dep't of Corr.*, 779 F. App'x 944, 949-50 (3d Cir. 2019). As Plaintiff does not allege a race or protected class based discriminatory animus, he fails to state a claim under either § 1985 or § 1986, and his claims under those statutes must therefore be dismissed without prejudice.

Turning to section 1983, although Plaintiff attempts to assert his claims as the county prosecutor failing to protect him from a conspiracy to secure his conviction, Plaintiff's actual allegations boil down to three basic assertions – that he was deprived of his alibi through the destruction of video evidence, that county prosecutors suborned perjury based on that deprivation from Dougherty, and that the destroyed evidence and false testimony were used to secure his conviction even though Defendants must have known of his alibi. Plaintiff is thus asserting claims for *Brady* violations, suborned perjury, and malicious prosecution. Plaintiff also raises his destroyed evidence claim as a deprivation of property claim.

All of Plaintiff's claims other than his deprivation of property claim suffer from the same defect – Plaintiff has not pled that his criminal prosecution has terminated in his favor, and instead pleads facts indicating that he continues to serve a live prison sentence stemming from his underlying murder conviction. That a criminal prosecution terminates in a plaintiff's favor is a

4

required element of a malicious prosecution claim. *See Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). Likewise, under Supreme Court precedent, a prisoner may not bring a civil rights claim whose success would undermine the validity of his conviction or the duration of his sentence unless and until his conviction is formally overturned. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). As a meritorious *Brady* claim or a claim that his conviction is the product of suborned perjury would undermine the validity of Plaintiff's conviction, he may not pursue those claims in this civil rights matter unless and until his conviction is overturned through post-conviction or habeas proceedings, which appear to be ongoing. *See, e.g., Long v. Atl. City Pol. Dep't*, 670 F.3d 436, 447 (3d Cir. 2012). This Court must therefore dismiss Plaintiff's malicious prosecution claims for failure to state a claim for which relief may be granted, and dismiss Plaintiff's *Brady* and suborned perjury Due Process claims without prejudice as premature as Plaintiff has yet to have his conviction overturned.

Finally, Plaintiff alleges that he was deprived of a property interest in the video footage when it was allegedly improperly and unlawfully destroyed by Defendants. "[W]here a state actor deprives an individual of property without authorization, either intentionally or negligently, that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available. *See Hudson v. Palmer*, [468 U.S. 517, 530-36] (1984); *Parratt v. Taylor*, [451 U.S. 527, 543-44] (1981), *overruled in part on other grounds, Daniels v. Williams*, [474 U.S. 327] (1986)." *Love v. N.J. Dep't of Corr.*, No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015). The State of New Jersey provides a meaningful post-deprivation remedy in the form of the New Jersey Tort Claims Act. *Id.* As Plaintiff has a meaningful post-deprivation remedy, his claim for deprivation of property fails to state a plausible

5

basis for relief under § 1983.[1] Plaintiff's property claim is therefore dismissed without prejudice. As this Court will dismiss all of Plaintiff's federal claims without prejudice at this time, this Court will decline supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3). Plaintiff's amended complaint shall therefore be dismissed without prejudice in its entirety.

### IV.  CONCLUSION

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 7) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

[1] The Court further notes that Plaintiff alleges that this alleged property was destroyed during his initial criminal proceedings which concluded in 2014. As civil rights claims in New Jersey are subject to a two-year statute of limitations, it also appears that Plaintiff's property claim is also well and truly time barred, which also provides a basis for the dismissal of this claim. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013).